# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 8433 | **DATE** | 8/19/2004 |
| **CASE TITLE** | Indeck Power Equipment Co. et al vs. Patrick John Del Monico, Jr. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, defendants' motion to disqualify Freeborn & Peters is [8-1] denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 20 2004 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 2004 AUG 19 PM 5:23 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INDECK POWER EQUIPMENT CO., an )
Illinois corporation; A & R LEASING, L.L.C., )
an Illinois limited liability corporation; INDECK )
POWER OVERSEAS, LTC., an Illinois )
corporation )
)
          Plaintiffs, )
) No. 03 C 8433
v. )
) Wayne R. Andersen
PATRICK JOHN DEL MONICO, JR.; KIM DEL ) District Judge
MONICO; and INTERNATIONAL TRAFFIC )
CONSULTANTS, INC., an Illinois corporation, )
)
          Defendants. )

DOCKETED
AUG 2 0 2004

## **MEMORANDUM, OPINION AND ORDER**

This matter is before the court on defendants', Patrick John Del Monico ("Del Monico"), Kim Del Monico ("Mrs. Del Monico) and International Travel Consultants, Inc., ("ITC"), motion to disqualify the law firm Freeborn & Peters, LLP as attorney for plaintiffs Indeck Power Equipment Co. ("Indeck"), A & R Leasing L.L.C. ("A & R") and Indeck Power Overseas, Ltd. ("Indeck Overseas"). Defendants motions seeks to disqualify the entire law firm of Freeborn & Peters because the firm's employee, Fred Foreman, represented defendant Del Monico in a previous criminal action. For the following reasons, defendants' motion to disqualify is denied.

## **BACKGROUND**

From September 1984 to May 1988 Del Monico worked as the Director of Transportation

1



for The Enterprise Companies, which were owned by Insilco Corporation and later purchased by Valspar Corporation ("Insilco/Valspar"). In July of 1988, Insilco/Valspar discovered Del Monico was committing crimes against the company and brought suit alleging fraud. In 1992 Del Monico was charged in a criminal information and pled guilty to mail fraud. For the next six years, Del Monico operated ITC from his home before becoming an employee of Indeck.

Plaintiff Indeck employed Del Monico from approximately November 1993 to April 2003 as a Transportation Manager. During his tenure at Indeck, Del Monico also provided services to Indeck affiliates A & R and Indeck Overseas. Plaintiffs filed their complaint on November 21, 2003, which alleged that Del Monico committed crimes against Indeck that were similar to the crimes he committed while employed by Insilco/Valspar. Plaintiffs' complaint includes several references to Del Monico's plea agreement in order to establish similarities between Del Monico's prior criminal activities and his current alleged criminal activities against Indeck.

In 1992, when Del Monico pled guilty to crimes he committed as an employee of Insilco/Valspar, Fred Foreman was the United States Attorney for the Northern District of Illinois. Foreman became a partner at Freeborn & Peters after leaving the United States Attorney's office in 1993. In June or July of 1998, Del Monico met with Foreman in his capacity as partner at Freeborn & Peters, and on August 10, 1998 Del Monico and Freeborn & Peters entered into a written attorney-client agreement. On the same date, Foreman disclosed to Del Monico that Freeborn & Peters also represented Indeck, Del Monico's employer at that time. Foreman represented Del Monico from August 1998 to October 1999, and assisted Del Monico in obtaining placement in a work release program.

Plaintiffs Indeck, A&R and Indeck Overseas filed a nine count complaint against Patrick

Del Monico, Mrs. Del Monico, and ITC. Counts I to VIII allege violations of The Racketeer Influenced and Corrupt Organizations Act, embezzlement, conversion, fraud, breach of fiduciary duty, aiding and abetting fraud and civil conspiracy by defendants. Plaintiffs requested in Count IX that a constructive trust be imposed upon defendants' assets.

## DISCUSSION

### I. Defendants' motion to disqualify

Defendants filed a joint motion to disqualify Freeborn & Peters as attorneys for plaintiffs on the grounds that Freeborn & Peters had acted as attorney for Del Monico in matters substantially related to the disputes in the Indeck case. Defendants claim Freeborn & Peters should be disqualified from the current action because Del Monico shared confidential, attorney-client information with his Freeborn & Peters attorney Fred Foreman.

Del Monico, as the party seeking disqualification, has the burden of proving the existence of a former attorney-client relationship. *Schwartz v. Cortelloni*, 177 Ill. 2d 166 at 174, 685 N.E.2d 871, 226 Ill. Dec. 416. It is clear that an attorney-client relationship existed between Del Monico and Freeborn & Peters and the parties do not dispute the existence of a relationship. Rather, it is the extent of information exchanged during the relationship which is in dispute. Foreman, as a partner at Freeborn & Peters, represented Del Monico in a past matter. Freeborn & Peters currently represents Indeck. The relationship between Freeborn & Peters's representation of Del Monico and its representation of Indeck will determine whether the court is compelled to disqualify Freeborn & Peters as plaintiffs' counsel in the present matter.

According to *LaSalle National Bank v. County of Lake*, 703 F.2d 252 (7th Cir. 1983), the party seeking disqualification bears the burden of establishing that the present and former

representations are substantially related. In addition, "an attorney should not be disqualified from representing a client whose interests are adverse to a former client solely on the basis that the subsequent representation may create the appearance of impropriety." *Schwartz v. Cortelloni*, 177 Ill. 2d 166 at 179-180, 685 N.E.2d 871, 226 Ill. Dec. 416 quoting *Index Futures Group, Inc. v. Street*, 163 Ill. App. 3d 654, 659, 114 Ill. Dec. 735, 516 N.E.2d 890 (1987).

The United States District Court for the Northern District of Illinois Local Rules 83.5.16, 83.51.9 and 83.51.10 govern defendant's motion to disqualify Freeborn & Peters. Local Rule 83.51.6 provides that "a lawyer shall not, during or after termination of the professional relationship with the client, use or reveal a confidence or secret of the client known to the lawyer unless the client consents after consultation." The only confidential information identified by Del Monico involves allegations that Del Monico shared confidential information with Foreman regarding the crimes he committed while employed by Insilco/Valspar. Del Monico claims this information will be detrimental to his defense in the case at bar. Plaintiffs respond that this information is public knowledge and this court agrees. Based on the following, this court finds plaintiff has not violated Local Rule 83.51.6.

Local Rule 83.51.9 involves conflicts of interest with former clients. The rule states, "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the persons interests are materially adverse to the interests of the former client . . . [or] use information relating to the representation to the disadvantage of the former client." In this case, there is not a same or substantially related interest due to the fact that Freeborn & Peters's representation of Del Monico solely involved placing him in a work release program and did not relate to the crimes he committed while

employed by Insilco/Valspar. Indeck argues Freeborn & Peters's previous representation of Del Monico regarding placement in a work release program is not substantially related to Freeborn & Peters's current representation of Indeck and its RICO claims against Del Monico. Del Monico contends that he provided Foreman with details of his crimes against Insilco/Valspar that were not contained in his public plea agreement and that this information is being used to his detriment in the pending Indeck matter.

The limited representation Foreman provided to Del Monico in order to arrange placement in a work release program does not merit the disqualification of the entire Freeborn & Peters law firm. Fred Foreman, the attorney in question, swore under oath that Del Monico did not provide him with the details of his earlier crimes. In his affidavit, Foreman said of his representation of Del Monico that "to provide the advice Del Monico sought, it was not necessary to obtain any confidential information about the underlying crimes Del Monico had committed and no such information was provided to me by Del Monico." Foreman did not have the requisite knowledge of Del Monico's previous crimes to establish a substantial relationship that would merit the disqualification of Freeborn & Peters. The statements in the original complaint which prompted this motion are clearly part of the public record. Nothing in the "Insilco/Valspar" portion of the complaint leads this court to believe that Foreman provided Freeborn & Peters attorneys working on the present case against Del Monico with any confidential information.

Finally, Local Rule 83.51.10 regarding imputed disqualifications does not allow a lawyer associated with a firm to represent a client "when the lawyer knows or reasonably should know that another lawyer associated with that firm would be prohibited from doing so by . . .

5

LR83.51.9." Since the court does not find that the matters between Plaintiffs complaint and Plaintiff's prior representation of Defendant are substantially related under Local Rule 83.51.9, the court finds that Freeborn & Peters is not disqualified from representing Plaintiff based on imputed disqualification under Local Rule 83.51.10.

For these reasons, we conclude that Del Monico failed to meet his burden of showing a substantial relationship between the matters involved for purposes of ordering disqualification of Freeborn & Peters based on the Local Rules. The evidence in the record establishes that Freeborn & Peters's former representation of Del Monico was limited to arranging his participation in a work release program and did not involve the disclosure of confidential information relevant to the pending litigation.

The court concludes the plaintiffs' attorneys have not violated the Local Rules and Del Monico has not shown that they should be disqualified. Based on the foregoing reasons, Defendants' motion to disqualify the plaintiff's attorneys is denied. Although the matters have been held not to be substantially related, Freeborn & Peters had agreed to erect a "Chinese Wall" in its office that would prohibit Fred Foreman and any attorneys in the firm who previously represented Del Monico from any involvement with Freeborn & Peters's representation of Indeck.

## CONCLUSION

For the foregoing reasons, defendants' motion to disqualify Freeborn & Peters is denied.

Wayne R. Andersen
United States District Court

August 19, 2004

6